**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FRED W. PHELPS, SR.,

 Plaintiff-Appellant,

v.

JOAN HAMILTON, in her official
capacity as District Attorney,

 Defendant-Appellee.

No. 98-3145
(D.C. No. 97-CV-2235-GTV)
(D. Kan.)

ORDER AND JUDGMENT  *

Before **ANDERSON** , **BRORBY, and KELLY**  , Circuit Judges.

 After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Fred. W. Phelps, Sr. brought this suit for declaratory and injunctive relief under 42 U.S.C. § 1983, alleging that defendant Shawnee County, Kansas District Attorney Joan Hamilton is violating his constitutional rights by following a policy of prosecuting him under Kansas' criminal defamation statute selectively and in bad faith. He also sought leave to file a third amended complaint to assert claims for damages against defendant in her personal capacity. Plaintiff appeals from the district court's denial of his request to amend his complaint, and its grant of summary judgment in favor of defendant.

We must consider at the outset whether plaintiff's claims for declaratory and injunctive relief present a justiciable controversy, as the state court has dismissed both of the remaining underlying criminal defamation cases against plaintiff. Case No. 96-CR-3051 was dismissed on November 14, 1997. Case No. 97-CR-3081 was dismissed on May 22, 1998. Defendant maintains that: (1) the case is now moot because the possibility of future prosecution is speculative and unripe; (2) the suit is barred by the Eleventh Amendment because it does not fall within the exception provided in Ex parte Young, 209 U.S. 123 (1908), that allows a suit to proceed against a State in federal court to grant prospective injunctive relief in order to end an actual, present, and on-going violation of the United States Constitution; and (3) we should abstain from hearing the case under the doctrine of Younger v. Harris, 401 U.S. 37 (1971).

-2-

Plaintiff argues that the issue presented is "capable of repetition, yet evading review," Murphy v. Hunt, 455 U.S. 478, 482 (1982), and is neither moot nor otherwise barred.

We hold that the case is now moot. An issue is "capable of repetition, yet evading review" when: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Spencer v. Kemna, 523 U.S. 1, ___, 118 S. Ct. 978, 988 (1998) (quotation omitted). "[T]he capable-of-repetition doctrine applies only in exceptional situations." Id. (quotation omitted). Plaintiff has not demonstrated that his case satisfies either of the required conditions. He has not shown that the time between the filing of state charges and the completion of those proceedings is always so short as to evade review. Nor has he demonstrated that it is sufficiently likely that Mrs. Hamilton will again prosecute him again under Kansas' criminal defamation statute without a prior probable cause determination or without probable cause. Plaintiff has not presented sufficient evidence to establish that defendant maintains a "policy" of prosecuting him under Kansas' criminal defamation statute selectively and in bad faith. His claims for declaratory and injunctive relief are therefore moot.

We review the district court's denial of plaintiff's motion for leave to amend his complaint for abuse of discretion. See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., No. 97-1157, 1999 WL 270398, at *11 (10th Cir. May 4, 1999). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." Id. We affirm the district court's conclusion that amendment would have been futile in this case. Although plaintiff argues that being served with a summons was a "significant restraint on liberty" under Kansas law because he was subject to being hailed into court, the Supreme Court has specifically stated that merely being required to appear at trial does not qualify as "significant" under the Fourth Amendment. Gerstein v. Pugh, 420 U.S. 103, 123-25 & n.26 (1975).

AFFIRMED in part and DISMISSED as MOOT in part.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-